16cv81002 MIDDLEBROOKS/WHITE

AO 243 (Rev. 01/15)

FILED BY ____ D.C.
Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

JUN 16 2016

STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S.D. OF FLA. - W.P.B.

| United States District Court | Southern | District | of | Florida | West Palm Beach |
|---|---|---|---|---|---|

| Name (under which you were convicted): Federal Correctional Institution, FCI Jesup | Docket or Case No.: |
|---|---|

| Place of Confinement: Federal Corrctional Institution, Jesup, | Prisoner No.: # 73176-004 |
|---|---|

| UNITED STATES OF AMERICA | V. | Movant (include name under which convicted) |
|---|---|---|
| | | Micheal Bowe |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Federal District Court Southern District of Florida: U.S. Federal Courthouse 701 Clematis St: W.Palm Beach, FL 33401

   (b) Criminal docket or case number (if you know): **08-800089-CR**

2. (a) Date of the judgment of conviction (if you know): **01/22/2009**

   (b) Date of sentencing: **01/22/2009**

3. Length of sentence: **288 months**

4. Nature of crime (all counts): Count One: 18 U.S.C. §1951(a) Conspiracy to Commit Hobbs Act Robbery; Count Two 18 U.S.C. §1951(a) Attempt To Commit Hobbs Robbery; 18 U.S.C. 924(c)(1)(A) Use, Carry, Brandish, or Discharge One or More Firearm During and IN Relation To A Crime of Violence

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☐

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

AO 243 (Rev. 01/15)

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☐    No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised:

AO 243 (Rev. 01/15)

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

  Yes ☐    No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

  (1)   Name of court: _____

  (2)   Docket of case number (if you know): _____

  (3)   Date of filing (if you know): _____

  (4)   Nature of the proceeding: _____

  (5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

  Yes ☐    No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1)   First petition:      Yes ☐      No ☐

  (2)   Second petition:   Yes ☐      No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** Defendent conviction for violation of 924(c) are no longer valid because the conduct underlying the conviction no longer

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

qualifies as a crime of violence outside of the residual clause of 924(c)((3)(B). Defendant Bowe contends that the Conspiracy; and Attempt to Commit Hobbs Act Robbery 18 U.S.C. §1951(a), can no longer support a conviction of §924(c)(1)(A)-This issue is argued at length in the accompanying memorandum of law filed concurrently hereinafter. **See: Attachment: Memorandum:**

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☒

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

I have not previously raised the issue because my claim was barred by circuit and Supreme Court precedent. My claim is based on a newly developed rule of law announced by the Supreme Court in Johnson v. United States, 135 S.Ct. 2551,2557 (2015).

**GROUND TWO:** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<br/><br/><br/><br/><br/><br/>

(b) **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

· AO 243 (Rev. 01/15)

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:




**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):




_____

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

· AO 243 (Rev. 01/15)                                                                                        Page 10

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐         No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐         No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐         No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

```
Defendant claim has not been previously been previously presented
because it is based on a new Rule of Constitutional law, announced
in Johnson supra. 125 S.Ct. at 2551, 2557. and made Retroactively
in Welch. supra.
```

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)                                                                                                    Page 11

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the
     you are challenging:

     (a)  At the preliminary hearing:

                              Thomas Richard Garland, II
     _____

     (b)  At the arraignment and plea:
                              (same attorney)
     _____

     (c)  At the trial:
     _____

     (d)  At sentencing:
                              (same attorney)
     _____

     (e)  On appeal:
     _____

     (f)  In any post-conviction proceeding:
     _____

     (g)  On appeal from any ruling against you in a post-conviction proceeding:

     _____

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
     and at the same time?          Yes ☐          No ☒

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are
     challenging?          Yes ☐          No ☒

     (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

     _____

     (b)  Give the date the other sentence was imposed: _____

     (c)  Give the length of the other sentence: _____

     (d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or

     sentence to be served in the future?          Yes ☐          No ☒

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

     New Supreme Court ruling: Johnson supra. and Welch. supra.
     this motion is timely pursuant to 28 U.S.C. §2255(f)(3)

28 U.S.C. §2255(f)(3) proceedings.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

    (1)   the date on which the judgment of conviction became final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                           Page 13

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.


                                        _____
                                        Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
                                                                              (month, date, year)


Executed (signed) on _6/13/2016_____     (date)


                                        _Michael Bowe_____
                                        Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## Case No. 08-800089-CR

**Micheal Bowe,**
     Defendant,

vs.                                    Case    No._____

**United States Of America,**
_____Respondent,_____/


MEMORANDUM OF LAW IN SUPPORT
OF §2255(f)(3) MOTION

---

**COMES  NOW,**  Defendant  **"Micheal  Bowe"**  files  this  Pro  Se,
**"APPLICATION  AND  MEMORANDUM  OF  LAW"**  in  support  of  following  issues
presented   in   light   Supremem   Court   ruling:   **Johnson  v.  United
States**,  135  S.Ct.  2551,  2557  (2015);  and  **Welch  v.  United  States**,
578  U.S.____  (2016),  rendering  Johnson  Retroactively  applicable.


### INTRODUCTION AND PROCEDURAL HISTORY:


On  January  22,  2009  Defendant  Micheal  Bowe  entered  a  plea  of
guilty  to  Court(s)  1,  2,  and  3.  Defendant  Bowe  sentenced  to  **288
months**  imprisonment.  This  term  consisted  of  168  concurrent  months
as  to  count  1  and  2,  and  120  consecutive  months  as  to  count  3.
Supervised  released  of  5  years  to  follow.  This  term  consisted  of
3  concurrent  years  as  to  count  1  and  2,  and  5  concurrent  years

as to count 3. Defendant assessed $100 per count.

In this memorandum the Defendant contends that the "residual clasue of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague following the Supreme Court's recent decision in **Johnson v. United States**, 135 S.Ct. 2551, 2557 (2015). In light of <u>Johnson</u>, supra. Mr. Bowe is longer subjected to a penalty because neither his crime of conviction, interference through Robbery in violation of 18 U.S.C. §1951 (Hobbs Act), are crimes of violence.

Mr. Bowe's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in Johnson-a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Bowe respectfully requests that this Court Grant his §2255 motion, vacate, his current sentence, and re-sentence him.

As grounds for this motion states as follows:

## I.

**DEFENDANT BOWE'S CONVICTION FOR VIOLATION OF §924(c) ARE NO LONGER VALID BECAUSE THE CONDUCT UNDERLYING THE CONVICTION NO LONGER QUALIFIES AS A CRIME OF VIOLENCE OUTSIDE OF THE RESIDUAL CLAUSE OF §924(c)(3)(B). MR. BOWE'S CONTENDS THAT THE CONSPIRACY, AND ATTEMPT TO COMMIT HOBBS ACT ROBBERY 18 U.S.C. §924(c)(1)(A)-THIS ISSUE IS ARGUED AT LENGTH**

<u>See:</u> **In Re Pinder, 2016 WL 3081954 (11th Cir. 2016),** The Eleventh Circuit granted authorization to a federal prisoner to to file a successive 28 U.S.C §2255 motion challenge a §924(c) conviction that was based on a Hobbs Act "crime of violence" predicate in light of **Johnson v. United States**, 135 S.Ct. 2551, 2557 (2015). The Court's decision was divided, 2-1 in favor of granting leave to file another §2255 motion. The opinion is

2

published, and therefore binding on other panels from the Eleventh Cirtuit. As noted in the decision, the Second, Fourth and Seventh Circuit have also granted individuals leave to file a second or successive §2255 attacking §924(c) convictions tied to §924(c)(3)(B) in light of Johnson,

Defendant Bowe's contends that Hobbs Act robbery as prescribed by 18 U.S.C. §1951(b) categorically fails to constitute a crime of violence under (the force clause) because it can be accomplished by placing one in fear of future injury to his person or property, which does not require threat of violent physical force. Section 1951(b) in Title 18, provides in pertinent part:

> **(1) The term "robbery" mean the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of inquiry, immediate to future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of him family or of anyone in his company at the time of the taking or obtaining shall [be punished in accordance with the remainer of the statute]**

The plain language if the Hobbs Act Robbery statute provides that the offense can be accomplished by the act of placing another in fear of inquiry. This action , at best, constitutes a threat of injury to another, which squarely does not require the use or threatened use of "violent force" The Fourth Circuit's decision instilling fear of bodily harm, an opinion by the Fourth Circuit Court of Appeals is instructive. United States v. Torres-Miguel, 701 F.3d 165, 167-171 (1st Cir. 2012), held that California

prohibition against willfully threatening to commit a crime which "will result on death or great bodily injury to another" was not an aggravating crime of violence under the illegal re-entry guideline, noting that the threat of any physical injury, even "seriously bodily injury or death," does not necessarily require the use of physical force-let alone "violent force" 701 F.3d at 168. Despite the "death or great bodily injury" element in the California statute, the Forth Circuit found that the offense was missing a "violence force" element, and thus, could never qualify as a "crime of violence" under the force clause" 701 F.3d at 168-69. The Court held that ]a]n offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence," Id. at 168. The Court, in strong words, proclaimed that " of course, a crime may result in death or serious injury without involving use of physical force." Id. See: **Free v. United States**, No. 15-3687 (2nd Cir. Jan 26, 2016); Order (granting motin for leave of file successive §2255 motion where petitioner was convicted under 18 U.S.C. §924(c)(1)(A)(ii) based on a conspiracy to commit Hobbs Act robbery); **In Re Chapman**, No. 16-246 (4th Cir. May 3, 2016), Order (granting motion for leave to file successive §2255 motion where petitioner was convicted under 18 U.S.C. §924(c) based on a conspiracy to provide material support to a terrorist organization); **Ruiz v. United States**, No. 16-1193 (7th Cir. Feb 19, 2016) Order (noting that the residual clause at 18 U.S.C. §924(c)(3)(B) "is identical to 18 U.S.C. §16(b), which we

4

held is unconstitutionally vague under Johnson. United States v. Vivas-Caja, 808 F.3d 719 (7th Cir. 2015), "and granting application for leave to file successive §2255)..

**Mr. Bowe's claim is cognizable under §2255(a).**

A federal prisoner may move to "vacate" set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. §2255(a). Mr. Bowe's **288 months** sentence was imposed in violation of the Constitution becasue it was predicate on the residual clause ... violates that Constitution's guarantee of due process." Johnson, 135 S.Ct. 2563. As demonstrated above, Johnson's constitutional holding regarding the "residual clause." Mr.Bowe's claim for relief is cognizable under the plain language of §2255(a). This is all that is required. Because Mr. Bowe's sentence was imposed "in violation of the Constitution." 28 U.S.C. §2255(a), the "Fundamental defect" standard applicable to ordinary claims of statutory error does not apply. Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" in order to be cohnizable. Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Addonizio, 442 U.S. 178, 185 (1979); Davis v. United States, 417 U.S. 333, 343-344 (1974); United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice"). (citation omitted); Narvaez v. United States, 674 F.3d 623 (7th Cir. 2011) ("The term

miscarriage of justice' comes from the Supreme COurt's holding that a non-jurisdictional, non-constitutional errpr of law is not a basis for collateral attack under §2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.") (omitted).

A claim based on Johnson, in contrast, is constitutional and therefore cognizable in a Guidelines case. Order **Brown v. United States,** No. 15- 10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a claim that a defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to error of statutory interpretation," Johnson involved a claim of constitutional error.")

Because constitutional claims are always cognizable, and Johnson's constitutional holding applies with equal force to the Guidelines' residual clause. Mr. Bowe's Johnson claim is cognizable.

Defendant Bowe contends that Johnson applies retroactively to cases on collateral review is also supported by the fact that the Supreme Court granted certiorari for the purpose of vacating and remanding in light of Johnson in numerous cases involving collateral attacks, including five in which the prisoner was sentenced under the Guidelines.[12]

---

12   See: Jones v. United States, 136 S.Ct. 333 (2015) (vacating Jones v. United States, 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of §2255 motion); Denson v. United States, 135 S.Ct. 2931 (2015) (vacating Denson v, United States, 569 F.App'x 833 (11th Cir. 2014) (same)); Wynn v. United States, 135 S.Ct. 2945 (2015)(vacating order in Wynn v. United States, No.13-1467(6th Cir. Oct 10, 2014) (same)).

The rule announced in Johnson is therefore retroactive in Guidelines cases alike. A new rule that is substantive is retroactive on collateral review to all cases in which the rule applies.

The Suprmem Court decided Johnson on June 26, 2015, and Mr. Bowe filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in Johnson, and announced a substantive rule that is therefore retraoctive to cases on collateral review.

## CONCLUSION:

For the reasons set forth above, Mr. Bowe respectfully request this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without application of the Guidline sentenced.

Dated: 6/13/2016

Respectfully Submitted


Micheal Bowe
# 73176-004

7

## CERTIFICATE OF SERVICE:

   I HEREBY CERTIFY, that a true and correct copy of the forgoing has been mailed via postage to the following addresses below: citing: **Houston v. Lack**, supra. served and delivered upon FCI Jesup, mailroom staff for delivery:

Dated: 6/13/2016

c.c.

Clerk of The Court Office
Federal Courthouse Square
701 Clematis Street,
West Palm Beach,FL 33401

U.S Attorney Office
500 Australian Avenue, Ste. 400
W.Palm Beach, FL 33401

            Respectfully Submitted

            Micheal Bowe
            Micheal Bowe
            # 73176-004
            Federal Correctional Institution
            2680 U.S. Highway 301 South
            Jesup, Ga. 31599

8








Micheal Bowe
# 73176-004
Federal Correctional Institution
2680 U.S. Highway 301 South
Jesup, Ga. 31599

Clerk Of the Court Office
Rogers  Fed.  Bldg./U.S.  Courthouse
701 Clematis St., Rm 202
West Palm Beach, FL 33401

FCI JESUP

JUN 13 2016

Mail Room/R&D

LEGAL  MAIL

FEDERAL CORRECTIONAL INSTITUTION   LEGAL  MAIL
2680 HIGHWAY 301   DATE
JESUP, GA. 31599
THE ENCLOSED LETTER WAS PROCESSED
THROUGH SPECIAL MAILING PROCEDURES
FOR FORWARDING TO YOU. THE LETTER
HAS NEITHER BEEN OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION YOU MAY WISH TO
RETURN THE MATERIAL FOR FURTHER
INFORMATION OR CLARIFICATION.
IF THE WRITER ENCLOSES CORRESPONDENCE
FOR FORWARDING TO ANOTHER ADDRESSE,
PLEASE RETURN THE ENCLOSURE
TO THE ABOVE ADDRESS.